UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TROY ADAM AUTIN**  **DOC # 452745** | : | **DOCKET NO. 17-cv-1035**  **SECTION P** |
| **VERSUS** | : | **CHIEF JUDGE HICKS** |
| **TERRY COOLEY, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a civil rights complaint [doc. 1] filed pursuant to 42 U.S.C. § 1983 by plaintiff Troy Adam Autin, who is proceeding *pro se* and *in forma pauperis* in this matter. Autin is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at Rayburn Correctional Center in Angie, Louisiana. However, his complaint relates to events that occurred while he was incarcerated at Allen Correctional Center ("ACC") in Kinder, Louisiana.

### I.
#### BACKGROUND

Autin alleges that, upon his transfer from Elayn Hunt Correctional Center ("EHCC") to ACC in July 2016, he was taken off of his prescribed pain and mental health medications by ACC Nurse Trish and placed on an inadequate substitute pain medication. Doc. 1, att. 2, pp. 3–4. He maintains that he should have been transferred back to EHCC "or another D.O.C. facility that can hold offenders with such illnesses and prescribe[] such medication," but that Trish failed to apprise the warden or ACC physician of his health conditions. *Id.* at 4.

Autin also alleges that, on August 19, 2016, he was approached on the Earth Unit by multiple other inmates, who threatened him with physical harm. *Id.* He states that he informed the sergeant working the Earth Unit of his need for protective custody, and that the sergeant "shook her head (yes) and went into the key to report the situation . . . but the key [s]ergeant was on the phone, so [Autin] walked toward his bed area in the back of the dormitory." *Id.* There, he claims, multiple offenders surrounded him with knives and locks placed in socks, made demands, and began to beat and stab him. *Id.* at 4–5. He states that he managed to escape, and that while he was being transported to the infirmary, he noticed Captain King, the Unit Manager/Coach, "walking out of the gym where he spends most of his time (in a safe area)." *Id.* at 5.

Autin states that he was taken to hospitals in Lake Charles and Lafayette, then returned to the ACC infirmary for his recovery. *Id.* at 5–6. He maintains that he "had to rehabilitate himself from being paralyzed," and that ACC medical staff Doctor Chatman and Nurses Trish, West, Hebert, and Summer did not help him to clean his wounds or change his bandages, and did not allow him to bathe or shower for seven days. *Id.* at 6. He also states that the medical staff would not move his food tray where he could reach it or provide him with adequate pain medication. *Id.* As a result of the stab wounds, their lack of care, and the unsanitary conditions in his cell, Autin states that he contracted Hepatitis C. *Id.* He also alleges that medical staff failed to remove his sutures in a timely manner due to Nurse West being on vacation and that his "wounds were healing wrong and infected," causing him to remove his own sutures. *Id.* at 7.

Autin further alleges that Sergeant Misty Mincil reviewed the security camera footage relating to the beating and wrote up Autin for fighting but did not mention the stabbing, in an effort to cover up the attack. *Id.* at 5. Autin claims that stabbings occur on a daily basis but also states that ACC staff do not conduct shakedowns until someone is stabbed. *Id.*

Autin now files suit in this court, raising claims based on the attack against Warden Cooley, Warden Allemond, Wayne Calabrese (president of G.E.O. Group), Captain King, and Sergeant Mincil. He also raises claims based on his medical care against Doctor Chatman, Nurse Trish, Nurse Hebert, Nurse Summer, and Nurse West. In relief he seeks compensatory and punitive damages as well as declaratory relief. Doc. 1, att. 2, pp. 12–13. He states that he attempted to exhaust his administrative remedies, but was prevented from doing so because his mail was tampered with while he was in SHU at Rayburn Correctional Center. *Id.* at 11.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Autin has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus the initial question is whether the plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle plaintiff to relief. In order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

### C. *Rule 8*

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

### D. *Theories of the Complaint*

Autin has adequately pleaded his medical care claims and so no amendment is needed with respect to the allegations against defendants Chatman, Trish, West, Hebert, and Summer. With respect to the claims relating to the attack, however, he must provide more information to show that this cause of action can survive our initial review.

### 1. Failure to protect

Under the Eighth Amendment, prison officials have a duty to protect inmates from violence at the hands of other prisoners. *Edmond v. Eaves*, 70 Fed. App'x 159, 160 (5th Cir. 2003) (citing *Farmer v. Brennan*, 114 S.Ct. 1970 (1994)). However, "[n]ot every injury suffered by a prisoner at the hands of another rises to the level of a constitutional violation." *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995). A prisoner is only entitled to relief on a failure to protect claim if he can show that he was "incarcerated under conditions posing a substantial risk of serious harm" and that the defendant prison official acted with "deliberate indifference." *Id.* at 400–01 (internal quotations omitted). To act with deliberate indifference, a prison official must both know of and disregard "an excessive risk to inmate health or safety; [he] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 114 S.Ct. at 1979.

Autin only alleges personal involvement in the failure to protect by two defendants, Mincil and King. Although he asserts that numerous stabbings happened on the unit and that prison staff in general did not conduct adequate shakedowns for weapons, he only claims that King did not adequately patrol the unit before he was attacked and that Mincil attempted to cover up the incident by writing him up for fighting and ignoring the stabbings. He does not show that either defendant was aware of any particular threat to him, much less that they acted in a way that showed their disregard of that threat and ultimately allowed the attack to happen.[1] Accordingly, Autin fails to state a claim under § 1983 against either Mincil or King. He should amend his complaint to show that he is entitled to relief or dismiss his claims against them.

---

[1] To the extent Autin might intend to raise a claim of denial of access to the courts based on Mincil's alleged cover-up, he should be aware that he is required to allege sufficient facts to show that the defendant's actions prejudiced his position as a litigant. *E.g.*, *Gonzalez v. Taylor*, 695 Fed. App'x 731 (5th Cir. 2017) (citing *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2003)).

### *2. Supervisory liability*

It is clear that Cooley, Allemond, and Calabrese are named in a supervisory capacity. Supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. *See Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, have failed to train or supervise the officials directly involved in circumstances amounting to deliberate indifference to the plaintiff's rights, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Brown v. Bolin*, 500 Fed. App'x 309, 314 (5th Cir. 2012); s*ee also Cozzo v. Tangipahoa Parish Council—President Gov't*, 279 F.3d 273, 289 (5th Cir. 2002). Accordingly, Autin should amend his complaint to show that these defendants are liable under one of the above theories, or dismiss his claims against them.

### *3. Declaratory relief*

Finally, Autin seeks declaratory relief against the defendants in this action. It is well settled, however, that such claims become moot upon transfer from the offending institution. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). Accordingly, Autin should dismiss this request.

## III.
### CONCLUSION

Autin's pro se complaint is deficient as described above. Before this court can determine the proper disposition of his action, he should be given the opportunity to remedy the deficiencies or dismiss those claims that he cannot remedy. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Autin at his last address on file.

**IT IS ORDERED** that Autin amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and dismiss the claims he is unable to cure through amendment.

Failure to comply with this order may result in dismissal of the claims above as frivolous under 28 U.S.C. § 1915 or dismissal of the action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Autin is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 28th day of December, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE