UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| TROY ADAM AUTIN<br>DOC # 452745 | : | DOCKET NO. 17-cv-1035<br>SECTION P |
| VERSUS | : | CHIEF JUDGE HICKS |
| TERRY COOLEY, ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a letter [doc. 25] from Autin related to his pending pro se civil rights suit filed pursuant to 42 U.S.C. § 1983, in which he has been granted leave to proceed in forma pauperis. Autin is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at Rayburn Correctional Center in Angie, Louisiana.

In the letter, Autin requests copies of his amended complaint for the purpose of complying with our order directing service of that pleading. *See* doc. 24. He also renews his motion to appoint counsel [doc. 21] and requests preliminary injunctive relief in the form of an order directing the Rayburn Correctional Center's medical department to send him to a specialist. Doc. 25.

Autin states that he provided the court with his only copy of the amended complaint, and indicates that he is unable to comply with this court's service order. Doc. 25. He also shows that Rayburn Correctional Center has denied a recent request for copies, limiting him to three rather than the seven he requested. Doc. 25, att. 1. He asks for a hearing on this request. Doc. 25.

Plaintiffs in a civil rights action are still required to pay litigation costs, including copy fees, regardless of whether they have been granted leave to proceed in forma pauperis. *Miller v. Louisiana*, 2011 WL 6300559, at *3 (W.D. La. Dec. 15, 2011). A plaintiff is only entitled to free

copies of the record in his case for good cause shown. *Id.* Autin's allegation that he provided the court with his sole copy of the amended complaint is sufficient cause for the clerk to provide him with one free copy of that pleading [doc. 20]. To the extent that Autin requires additional copies beyond what Rayburn Correctional Center will provide, however, he must contact the clerk and arrange to pay the fee for those copies or else write them out by hand. Accordingly, his request for copies is **GRANTED IN PART**, in that the clerk is directed to provide him with **ONE COPY** of the amended complaint [doc. 20] without charge, and **DENIED** in all other respects. As Autin has not shown what facts might be brought to light in a hearing on this claim or how they might impact our decision, his request for a hearing is **DENIED**.

Autin's previous request for counsel was denied as premature, based in part on the fact that defendants had not been served and no answer had been filed. Doc. 22. That is still the case, and so his renewed request for appointment of counsel is **DENIED**.

Finally, Autin requests preliminary injunctive relief in the form of a court order to Rayburn Correctional Center that he receive outside medical care. Doc. 25. He complains of pain in his neck and spine, apparently related to the alleged attack at Allen Correctional Center that forms the basis of this suit. *See* doc. 20. All of Autin's claims in the instant action relate to events at Allen Correctional Center and all of the defendants are employees of Allen Correctional Center. *Id.* He has, as yet, made no claim based on his medical care at Rayburn Correctional Center or against the employees at that facility.

Preliminary injunctive relief is an extraordinary remedy, and the movant carries a heavy burden in showing a need for its issuance. *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013). To obtain a preliminary injunction, the movant must demonstrate all of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that he will suffer irreparable

injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *PCI Transp., Inc. v. Fort Worth & Western R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005). This court has no jurisdiction to order injunctive relief against a non-party, even assuming that Autin could meet his burden on all of the above four elements. *See, e.g.*, *Garrett v. Stephens*, 2015 WL 1390781, at *1 (S.D. Tex. Mar. 23, 2015). Accordingly, the request for injunctive relief is **DENIED**, without prejudice to Autin's right to request such relief in any suit against Rayburn Correctional Center employees.

      THUS DONE this 25th day of March, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE