UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TROY ADAM AUTIN** | : | **DOCKET NO. 2:17-cv-1035** |
| **VERSUS** | : | **CHIEF JUDGE HICKS** |
| **TERRY COOLEY, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion to Dismiss [doc. 36] filed by Anthony Allemand, Trisha Johnson, and Misty Mancil (collectively, "defendants"), the only defendants served in this matter. They request that this court dismiss all federal claims asserted by plaintiff Troy Adam Autin for failure to exhaust administrative remedies as required under the Prison Litigation Reform Act, 42 U.S.C. § 1997e. Autin opposes the motion and the defendants have filed a reply. Docs. 38, 39. Accordingly, the matter is now ripe for review.

### I.
#### BACKGROUND

This motion relates to the original and amended civil rights complaints filed under 42 U.S.C. § 1983 by Autin, an inmate in the custody of the Louisiana Department of Public Safety and Corrections.[1] Docs. 1, 20. Autin alleges that, while he was a prisoner at Allen Correctional Center in Kinder, Louisiana, various staff members violated his constitutional rights by failing to

---

[1] Autin amended his complaint, pursuant to this court's order, in order to address various deficiencies, none of which related to his exhaustion of administrative remedies. Doc. 17. Accordingly, we do not treat the allegations in the amended complaint as having superseded those in the original complaint and instead review statements and exhibits relating to Autin's exhaustion of administrative remedies from both complaints as part of this motion.

protect him from an assault by other inmates in August 2016 and by improperly treating the wounds he received as a result of that assault. *Id.* at 3–13. Accordingly, he filed a pro se civil rights complaint in this court on August 14, 2017. Doc. 1. Through his suit he seeks declaratory relief and monetary damages. Doc. 20, pp. 14–15. Defendants now move to dismiss Autin's § 1983 claims for lack of exhaustion, based on assertions in his original and amended complaints about his pursuit of administrative remedies.[2] Doc. 36.

## II.
### LAW & ANALYSIS

The Prison Litigation Reform Act ("PLRA") imposes a pre-filing exhaustion requirement on suits relating to prison life, stating in relevant part that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Accordingly, a prisoner must complete whatever administrative review process is available for his claim, in accordance with all procedural rules and deadlines, before filing suit in federal court. *Woodford v. Ngo*, 126 S.Ct. 2378, 2386–87 (2006). Failure to exhaust is an affirmative defense, and is waived by the defendants if not asserted. *Carbe v. Lappin*, 492 F.3d 325, 327–28 (5th Cir. 2007). Inmates are not required to specially plead or demonstrate exhaustion in their complaints. *Id.* at 327 (citing *Jones v. Bock*, 127 S.Ct. 910, 921 (2007)).

Defendants do not specify which federal rule their motion is based on. Noting that a failure to exhaust would not deprive this court of subject matter jurisdiction[3] and that the motion is based

---

[2] Defendants also request, in the event any state law claims remain in this action, that the court decline to maintain supplemental jurisdiction over those claims. Doc. 36. Though he briefly alleges that defendants' conduct "violated [his] rights of State Laws," Autin never specifies any state law claims and only appears to raise claims under 42 U.S.C. § 1983. Doc. 20, pp. 1, 14. The allegations of failure to exhaust thus test the sufficiency of the entire action.
[3] *See, e.g.*, *Royal v. Boykin*, 2017 WL 3897168, at *2–*3 (N.D. Miss. Sep. 6, 2017); *Myles v. Domino's Pizza, LLC*, 2017 WL 238436, at *3 (N.D. Miss. Jan. 19, 2017); *Gonzalez v. Gen. Motors, LLC*, 2017 WL 9324466, at *3 (W.D. Tex. Nov. 7, 2017) (finding that failure to exhaust deprived the plaintiff of statutory, but not constitutional, standing

on the pleadings, we interpret it as one brought under Rule 12(b)(6). A party moves for dismissal under this rule based on the complainant's failure to state a claim for which relief may be granted. To survive such a motion, "the plaintiff must plead 'enough facts to state a claim for relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). In other words, the plaintiff must provide enough factual allegations which, taken as true, raise his right to relief "above the speculative level." *Twombly*, 127 S.Ct. at 1965. The court's task in evaluating a Rule 12(b)(6) motion is "not to evaluate the plaintiff's likelihood of success," but instead to determine whether it is both legally cognizable and plausible. *Billups v. Credit Bureau of Greater Shreveport*, 2014 WL 4700254, *2 (W.D. La. Sep. 22, 2014) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). In this review the court is generally limited to the pleadings but may also refer to matters of public record as well as documents attached to the complaint. *Hicks v. Lingle*, 370 Fed. App'x 497, 498 (5th Cir. 2010).

As noted above, a plaintiff does not fulfill the exhaustion requirement unless he properly exhausts available administrative remedies before filing suit. *Woodford*, 126 S.Ct. at 2386–87. "[A]vailable administrative remedies are exhausted when the time limits for the prison's response set forth in the prison Grievance Procedures have expired," and the grievance procedure does not set out any additional steps the prisoner must take upon expiration of that time. *Cantwell v. Sterling*, 788 F.3d 507, 509 n. 2 (5th Cir. 2015) (citing *Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir. 1998), *overruled on other grounds as explained in Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012)). The exhaustion requirement is strictly construed and will not be satisfied by "mere

---

and therefore did not give rise to grounds for dismissal under Rule 12(b)(1)); *but see Martinez v. City of Monroe*, 2016 WL 5395239, at *1 n. 3 (W.D. La. Aug. 17, 2016) (finding that this issue was one of constitutional standing).

'substantial compliance.'" *Butts v. Martin*, 877 F.3d 571, 582 (5th Cir. 2017) (quoting *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010)).

The Louisiana Department of Public Safety and Corrections provides a two-step Administrative Remedy Procedure ("ARP"), published in Title 22, Part I, Section 325 of the Louisiana Administrative Code, for inmates in state prisons. *Dillon*, supra, 596 F.3d at 265. Under this procedure,

> the inmate commences the first step . . . by writing a letter to the warden of his or her institution briefly setting out the basis for his or her claim and the relief sought. The grievance letter should be written within 90 days of the alleged event that is the subject of the complaint. The Warden has 40 days from the day the grievance is received to respond to the request. If following transfer to a new institution, the inmate files a grievance regarding an action taken by his or her former institution, the former institution "will complete the processing through the first step." Furthermore, "[i]f the inmate believes the complaint is sensitive and would be adversely affected if the complaint became known at [his or her] institution," he or she may skip the first step and file his or her complaint directly with Louisiana's Assistant Secretary of Adult Services.
>
> The inmate may proceed to the second step of the ARP by appealing to the Secretary of the DPSC if he or she is dissatisfied with the first step response. If the inmate never receives a response to a first step grievance, then he or she is entitled to proceed to the second step of the process upon the expiration of the first step response time limit. If the inmate is not satisfied with the second step response, he or she may then file suit in district court.

*Id.* at 265–66 (citations omitted). The ARP regulations provide that "[n]o more than 90 days from the initiation to completion of the process shall elapse," comprising 40 days for review of the first step with 5 days for the prisoner to file his appeal and then 45 days for review of the second step, unless an extension has been granted." La. Admin. Code tit. 22, pt. I, § 325(J).

In his amended complaint, Autin raises § 1983 claims based on events that occurred at Allen Correction Center ("ACC") around August 2016. Doc. 20. To his original complaint, filed on August 14, 2017, Autin attaches documentation showing that he attempted to exhaust

-4-

administrative remedies for these claims at both ACC and Rayburn Correctional Center ("RCC"), where he was later transferred. This documentation shows that his first step ARP to RCC was rejected because the "complaint concerns a matter under the control of another facility and must be submitted to that facility," and the second step was rejected on December 27, 2016, as described above, because "[t]here is no Second Step for rejected ARPs." Doc. 1, att. 3, pp. 1–2. He also provides a copy of the first step response from ACC, dated October 24, 2016. *Id.* at 5. In that response the ACC unit head responds to Autin's claims about the assault and medical treatment on the merits, and Autin is informed that he may proceed to step two by checking a box on that response and forwarding it to the Legal Programs Department within five days of his receipt of the decision. *Id.* In his amended complaint and in his memorandum in support of his original complaint, Autin states that he appealed this decision and heard from ACC "around February 29th" that his second step was under review and would "be responded to within the time period." Doc. 20, p. 13; doc. 1, att. 2, p. 11. In his original complaint, Autin also states that his "A.R.P. rights were stopped by either Rayburn C.C. or Allen C.C. Administration" and that the Department of Public Safety and Corrections has no record of his second step in its database. Doc. 1, p. 2.

Autin's documentation reveals that his use of RCC's ARP could not satisfy the exhaustion requirement, because both steps were rejected as improperly filed. His use of ACC's ARP, on the other hand, was accepted as properly filed at step one. Defendants contend that Autin makes conflicting assertions about whether his appeal of this decision was ever received or acknowledged, stating both that the Department of Public Safety and Corrections had no record of his appeal when contacted at some point thereafter and that Allen Correctional Center told him that his second step had been sent as directed and was under review. The allegations are not necessarily contradictory, and still allow for the possibility that Autin filed this complaint after

submitting his appeal as directed and being assured by someone at ACC that it was under review.[4] *See* doc. 1, att. 3, p. 5. Under these circumstances, Autin's second step might still be properly filed with the Department of Public Safety and Corrections and for some reason not maintained in the database. Absent proof in the form of affidavits on that department's recordkeeping procedures and/or prison mail logs, we cannot find that Autin's claims were unexhausted at the second step.

The Fifth Circuit, furthermore, holds that the exhaustion requirement is excused when prison officials interfere with or ignore a prisoner's pursuit of his administrative remedies, and that the district court must afford prisoners an opportunity to show a basis for such an excuse. *Johnson v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008) (citing *Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982)). Based on Autin's allegations in both the original and amended complaints that ACC and/or RCC officials interfered with his pursuit of remedies, either through tampering with his mail or by inaccurately reassuring him that the appeal had been submitted when it turned out that it was never received by the Department of Public Safety and Corrections, he has sufficiently pleaded a basis for excuse. Defendants are therefore not entitled to have the claims in this matter dismissed. Our findings here do not preclude the defendants from reurging this defense on summary judgment, assuming they are able to locate and present proof of Autin's alleged lack of exhaustion and adequate time is allowed for Autin to submit evidence of any excuse he would wish to claim.

---

[4] The defendants also assert that Autin has also disproven his assertion of exhaustion by attaching the first step response from ACC, which provides that a box must be checked and the response forwarded to the Legal Programs Department in order to proceed to the second step. Doc. 1, att. 3, p. 5. Given the presumptive availability of copy machines at the state prisons, however, this assertion is not enough to invalidate Autin's allegations on 12(b)(6) review.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 36] is **DENIED**.

THUS DONE AND SIGNED in Chambers this 10th day of July, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE